## SAFE–CABINET CO. v. GLOBE–WERNICKE CO.

(Circuit Court of Appeals, Seventh Circuit.    September 20, 1923.)

### No. 3051.

1. **Patents ⟨⟩112(4)—Finding of priority in interference proceedings presumptively correct.**

   Determination of priority of invention by the Court of Appeals of the District of Columbia in interference will be accepted as controlling in subsequent litigation, unless overturned by new evidence sufficient in kind and amount to produce thorough conviction.

2. **Judgment ⟨⟩740—Party not concluded by finding on a matter not in issue.**

   A party is not concluded by a statement in the opinion of the court as to the validity of a patent which he did not then own, but pleaded only as a part of the prior art, and the validity of which was not in issue.

3. **Patents ⟨⟩328—1,180,810, for metallic box, held valid and infringed.**

   The White patent, No. 1,180,810, for a metallic box, *held* not anticipated, valid, and infringed.

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit in equity by the Globe-Wernicke Company against the Safe-Cabinet Company. Decree for complainant, and defendant appeals. Affirmed.

James L. Steuart, of New York City, for appellant.

Wallace R. Lane and Robert H. Parkinson, both of Chicago, Ill., for appellee.

Before BAKER, EVANS, and PAGE, Circuit Judges.

PAGE, Circuit Judge. Plaintiff appellee, here called plaintiff, in June, 1916, sued defendant appellant, here called defendant, charging infringement of patent No. 1,180,810, issued to White in April, 1916, on application filed in November, 1909. Claims 2, 5, 11, 12, and 15 are involved. The eight defenses urged largely concern the controversy between plaintiff's White patent and defendant's Wege patent applied for in May, 1910, and issued in August, 1911. After patent had issued to Wege, an interference was declared between Wege and White, that was finally determined in 1916 by the Court of Appeals of the District of Columbia awarding White priority on all claims involved.

[1] In September, 1911, defendant, in the Southern district of New York, sued plaintiff, not then the owner of the White invention, charging infringement of the Wege patent. Before a decree in that case on August 18, 1915, the interference proceedings had passed through the Patent Office and was pending in the Court of Appeals of the District of Columbia. By stipulation the whole interference record was made a part of the New York case. After a full hearing, including a review of the interference record and new evidence, the bill was dismissed for want of equity. On appeal, the Court of Appeals for the Second Circuit, in 1918, after a full review of the interference proceedings, found that the patent to Wege was inadvertently granted, concurred in the award of priority to White, and affirmed the decree of the District Court. There was in the New York case a hearing and decision under Rev. St. § 4918 (Comp. St. § 9463), adverse to defendant here. He is not entitled to another trial under that section. If there had been no hearing on the question of interference in the New York case, still we would have to sustain the finding of the District of Columbia Court of Appeals, because there is no evidence of the kind and character necessary to overturn that decision. Perry Auto Lock Co. v. Security Lock Co. (C. C. A.) 286 Fed. 101, and cases cited.

Infringement is conceded, and the only remaining question of substance for consideration is whether the White invention was anticipated in the art.

[2] At the outset it is urged that, because the Court of Appeals of the Second Circuit found that White was entitled to priority over Wege on the claims that were identical in the two patents, and also said that every claim there in suit could be read literally upon the prior Van Wie structure, that, therefore, the rule of res adjudicata applies. The vice in such a conclusion lies in the fact that, whereas, the question on

interference between the Wege and White patents was directly placed in issue, as to the parties in that case, following the pleading of the White patent as a part of the prior art, yet there was never any issue made up or tried as between the White patent and the other prior art patents there pleaded by defendant (plaintiff here). Plaintiff did not own or control the White patent, and it had a perfect right to rely upon it as a part of the prior art, as to the Wege patent, in that case without being bound or estopped by any utterance of the court upon the question of validity or priority as between it and other patents there pleaded as a part of the prior art.

[3] The prior art most strongly relied on by defendant is the Van Wie stove patent, No. 843,643, issued in 1907. Aside from the fact that it is in a wholly different art, we find fundamental differences that rob it of any anticipatory value. All claims in both the White and Van Wie patents are combination claims, and, reading the claims of each in connection with the purposes and construction set out in the specifications, it is apparent that Van Wie had no conception of the idea embraced in the White invention. Van Wie said:

"One object of my invention is to produce a stove which can be quickly assembled *and in which the whole interior may be easily removed and replaced without the use of bolts and rivets.*" (Italics are ours.)

White said:

"My invention relates to metallic boxes, * * * and particularly to metallic structures of this variety which are assembled together without the use of rivets or slots, and the object of my invention is to improve and cheapen the construction."

In the White invention, the "frame" and the whole construction are built up and held together by the interlocking means described, without the aid of bolts or rivets; whereas, the frame of the Van Wie stove is the ordinary stove frame, put together with bolts and rivets, and it is only the *interior* that it is provided may be placed and replaced *without the use of bolts and rivets.* Take away that part of the Van Wie construction held together by bolts and rivets, and the remainder would fall apart; there would be no structure. The Van Wie invention does not anticipate White.

The Dick device, patent No. 809,497, is kept together with bolts or rivets. It is significant that, when Dick secured that patent, he was, and ever since has been, president of defendant, and that, as soon as the White invention was patented by Wege, defendant immediately commenced manufacturing under the Wege patent, and ever since has asserted, and is here asserting, the novelty of that which has been definitely awarded to White.

We see no reason for disturbing the finding of the trial court, and its decree is affirmed.